IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:19-cr-0099-DCN (1) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| NOEL MOTT, | ) | |
| | ) | |
| Defendant. | ) | **ORDER ON GOVERNMENT'S** |
| | ) | **MOTION FOR DETENTION** |

The United States has charged Defendant Noel Mott by indictment filed on February 27, 2019 with multiple counts:

- conspiracy to possess with intent to distribute and distribution of fentanyl, heroin and oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), (b)(1)(C) and (b)(1)(D)(Count 1);

- possession with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count 15);

- possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count 16);

- possession with intent to distribute heron in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count 17);

- felon in possession of a weapon and ammunition in violation of 18 U.S.C. §§ 922(g)(1) (Counts 14 and 18);

- possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A) (Count 19); and

- use of a communication facility in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 843(b)(Counts 23-42).

If convicted, defendant faces a mandatory prison term of at least10 years up to life in prison plus other potential sentences. At the initial appearance on February 28, 2019, the government moved for detention, and defendant requested a hearing. The undersigned heard the motion on March 7, 2019. Upon consideration of the applicable requirements of 18 U.S.C. § 3142, the government's motion for detention is DENIED.

The government presented no testimony at the detention hearing. Instead, the government proffered the indictment and the report of pretrial services with no objection from the defense. Pretrial Services Officer Julie Gray categorized Mott as a Category 5 PTRA risk, set forth his demographic and criminal history information and recommended that no bond be granted.

Defendant proffered Exhibits A-I with no objection from the government. Defendant's exhibits revealed a very serious, life-threatening medical condition arising from congestive heart failure, which was first diagnosed at the end of November 2018. According to defendant's evidence, Mott's heart ejection fraction is approximately 10%, when most adults have readings between 40% and 60%. According to defendant's proof, Mott faces potential death within six minutes if he is not properly treated. Defendant showed that he is required to wear heart monitoring equipment and a "life vest" which would shock his heart when necessary. Defendant showed that his equipment works through the transmission of wireless signals; and that the signals were unable to be properly transmitted at the jail facility where Mott was being held. Thus, he faces the risk of imminent death if kept in custody.

Of note to the court is the fact that the government has virtually no evidence that Mott has engaged in criminal conduct since he was diagnosed with heart failure in late November 2918. The government asserted that the indictment alleged a single telephone contact between Mott and a co-defendant to arrange the transport of oxycodone pills in December 2018.

The government asserted defendant had a long criminal history and it asserted Mott's leading role in the conspiracy that is alleged in this case. What the government has not countered is that the defendant could easily die while being held in custody – while being presumed innocent – a price the undersigned concludes is too high.

Defendant proffered that he had family ties in the area, that he could reside with his father and that his mother had come to spend time from her home in the Detroit area as well. Ms. Mott testified to her current involvement in her son's life and to the medical challenges her son faces. She indicated she and Mott's father could assist in his medical care and in getting him to court when required.

The court finds this case is one in which a rebuttable presumption for detention exists under 18 U.S.C. § 3142(e)(3) in that defendant is charged with a violation of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. and faces a maximum sentence in excess of 10 years. The following facts support the government's position that detention should be ordered: defendant has a prior criminal history that included drug trafficking and some offenses of violence. Further, strong evidence supports the government's case.

Defendant's rebuttal evidence was more persuasive. As noted, this is a unique case in which defendant faces a life-threatening situation if held in custody.

Given Mott's condition, the court concludes that he is extremely limited in his ability to pose a risk of danger to the community.

Based upon an examination of the totality of the evidence before the court and an application of all the standards in 18 U.S.C. § 3142, the court concludes defendant offered sufficient information to rebut the presumption for detention. Further, the court finds the government did not carry its burden to show by clear and convincing evidence that no combination of bond conditions could assure the safety of the community. And it did not carry its burden to establish that no bond conditions could reasonably assure the appearance of the defendant at future court proceedings.

The court will grant defendant a $50,000 unsecured bond subject to standard conditions of release. Further defendant will be subject to home detention at his residence with a form of location monitoring to be determined by Pretrial Services. Permission to leave the residence is granted only to report to pretrial services, to attend to medical appointments, to meet with his counsel, and attend court. The U.S. Pretrial Services and Probation department must verify that the residence is suitable before defendant may be released. Should it find the residence unsuitable, the court reserves the right to modify this ruling.

IT IS SO ORDERED.

Dated: March 13, 2019

Thomas M. Parker
United States Magistrate Judge