UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:19 CR 99 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| NOEL NATHANIEL MOTT, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion foR Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A). (ECF # 997). The Government filed a Response in Opposition. (ECF # 999). No reply was filed.

Mr. Mott pled guilty to seven counts including: one count of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A), and 846; two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2); three counts of Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(C), and 851(a)(1), and 18 U.S.C. §2; and, one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c)(1)(A). (ECF # 338). On February 18, 2022, the Court sentenced him to 200 months in prison. (ECF #783). His projected release date is September 18, 2035. On November 1, 2025, Mr. Mott submitted a request for compassionate release with the Warden at the Federal Medical Center in Rochester, Minnesota, where he is incarcerated, (ECF

#997-2, Ex. A, PageID 5778). That request was denied. (ECF #997-2, Ex. A, PageID 5781).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Mott attached documentation indicating that he has exhausted his administrative remedies. (ECF #71, Ex. A). Therefore, the Court will address the merits of his request.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

---

[1]Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

For purposes of this opinion, the Court considered and balanced all the factors set forth in 18 U.S.C. §3553(a). Mr. Mott argues that he qualifies for relief because his health issues create extraordinary and compelling reasons as set forth in the USSG policy statement in §1B1.13(b)(1). He claims that he suffers from deteriorating physical health that substantially diminishes his ability to provide self-care, and that he is not expected to recover from the condition. He also claims that his condition constitutes a terminal illness. He has been diagnosed with many health conditions, including congestive heart failure and chronic kidney disease. In February of 2021, a letter from University Hospitals indicates that his heart disease had progressed to "end-stage heart failure." To address the condition, Mr. Mott underwent a procedure to implant a left ventricular assist device ("LVAD"), and to conduct a tricuspid valve repair. These conditions were all known at the time of sentencing.

Since he was incarcerated, Mr. Mott has undergone treatment for multiple complications stemming from his LVAD surgery and LVAD malfunctions. The LVAD was eventually replaced. He does not claim to have on-going issues with the LVAD. In August of 2023, care notes from the Bureau of Prisons Health Services Clinical Encounter indicated that Mr. Mott was suffering from hypertension "in the context of terminal heart failure," with poor prognosis, and that he was counseled in palliative care options and end of life planning. (ECF #997-2, Ex. A, PageID 5788-89). He also claim that his heart pump requires electrical power at all times, and that the prison has had power shut offs at time. He also claims other inmates had unplugged his cord while he was sleeping. He also contends that the staff at the Medical Center do not "know how to deal with an LVAD person."

The Court understands the severity of Mr. Mott's health conditions, and acknowledges that his heart disease is terminal, in the sense that he will likely never recover from it and it is likely to worsen as time progresses. Nonetheless, the Court disagrees that these conditions, either individually or in combination currently rise to the level of extraordinary and compelling reasons for a sentence reduction in this case.

In order to qualify as extraordinary and compelling reasons for a sentence reduction under U.S.S.G. §§1B1.13(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D), Mr. Mott's would have to suffer from a terminal illness, a serious condition or cognitive impairment that "substantially diminishes the ability of the defendant to provide self-care" in prison, and/or a medical condition that "requires long-term or specialized medical care" that is not currently provided in prison. Mr. Mott's health problems do not rise to the level of extraordinary and compelling reasons for relief because there is no indication that his medical conditions substantially diminish his ability to provide self-care within the correctional facility.

The fact that he suffers from end-stage heart failure cannot be the basis for a sentence reduction because it was known at the time of his sentencing. "Facts that existed at sentencing cannot. . . be construed as 'extraordinary and compelling reasons' to reduce a final sentence." *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021). He has offered no evidence that would indicate that his health conditions have advanced since sentencing to a level that would seriously impair his capacity for self-care. The records show that he has been receiving appropriate and adequate care, that his conditions are being managed through the Bureau of Prisons ("BOP"), and, at least at this point in time, he remains capable of modified self-care. The BOP, in consultation with the Medical Director, reports that he "remains independent with his Activities of Daily Living (ADLs) and Instrumental Activities of Daily Living (IADLs) such

as bathing, dressing, toileting, transfers, feeding, oral care and he remains continent." He is "alert, fully oriented, and able to make his needs known."(ECF #997-2, Ex. A, PageID 5782).

Further, Mr. Mott has not shown that end of life is imminent. Although his heart condition may eventually be terminal, there is no indication in his records that his condition is more advanced than it was at sentencing. His condition is "chronic but currently stable." *ECF #997-2, Ex. A, PageID 5782). According to the BOP he has no "end-of-life indicators that would establish a prognosis of terminal at this time." (ECF #997-2, Ex. A, PageID 5782). Therefore, none of his medical conditions, alone or in combination, rise to the level of extraordinary and compelling reasons to reduce his sentence.

Finally, even if Mr. Mott's had established extraordinary and compelling reasons for relief under the sentencing guidelines, he would not qualify for release after consideration of the other §3553(a) factors. These include but are not limited to, the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all of the other considerations that went into the original sentencing decision. When full consideration is given to the 18 U.S.C. §3553(a) factors, it becomes apparent that Mr. Mott is not entitled to a reduction in sentence.

Mr. Mott has not shown that he is no longer a danger to the community. In this case, he was the leader of a large-scale drug trafficking organization, and was responsible for placing a significant amount of controlled substances on the street. He also pled guilty to multiple gun charges. He has a lengthy criminal history, including multiple prior convictions involving drug trafficking. This indicates a high likelihood of recidivism if he were to be released. Based on his medical reports, and his level of self-care, there is nothing that would prevent Mr. Mott from continuing on in his illegal activities if he were released at this time.

Further, Mr. Mott has served only approximately six years of a sixteen year sentence. A sentence of this length would not reflect the seriousness of this crime, and would give him a disparately low sentence compared to other defendants who engage in similar behavior. It is not sufficient to address the goals of just punishment, to afford adequate deterrence, or to protect the community from future harm.

Mr. Mott has not demonstrated extraordinary and compelling reasons for relief in the context of the §3553(a) factors, has not shown that he is no longer a danger to the community, and has not shown that a reduced sentence would be consistent with the USSC's relevant policy statement. Having considered the record, Mr. Mott' arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DENIED. (ECF #997).

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATE: November 5, 2026